## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Ramon Soto Rodriguez, (Affiant), being duly sworn, depose and state as follows:

1. I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41 of the Federal Rules of Criminal Procedure, that is, a government agent engaged in enforcing the criminal laws and duly authorized by the Attorney General to conduct investigations of and make arrests for. I have participated in investigations relating to a variety of criminal matters, including the investigation of violent crimes and gangs, public corruption, criminal enterprises, drug trafficking organizations, among others. Through my training and experience, I have become familiar with organized criminal activities, as well as the manners in which illegal drugs are imported, distributed, and sold, as well as the methods used by drug dealers to disguise the source and nature of their profits.

2. This affidavit is submitted in support of a criminal complaint and arrest warrant for Camilo Polo-Padilla and Franklin Reyes-Vilorio.

3. Your affiant submits that there is probable cause to believe that Camilo Polo-Padilla and Franklin Reyes-Vilorio did unlawfully, knowingly, and intentionally violate 21 U.S.C. § 846 conspiracy to possess with intent to distribute a controlled substance; 21 U.S.C. § 841(a)(1), possession with intent to distribute a controlled substance; 21 U.S.C. § 963, conspiracy to import a controlled substance; and 21 U.S.C. § 952 importation of controlled substances. The information contained within this affidavit is based on your affiant's personal knowledge, training and experience, as well as information provided to him by other law enforcement officers assisting with this investigation. Your affiant has not included each and every fact known to him concerning this investigation. Your affiant has set forth only the facts

that he believes are necessary to establish the foundation for an order authorizing the arrest of Camilo Polo-Padilla and Franklin Reyes-Vilorio.

## PROBABLE CAUSE

4.      On April 17, 2026, at approximately 1:49 pm, a Customs and Border Protection Air and Marine Operations (CBP AMO) aircraft detected a vessel of interest ("target vessel"), with a blue tarpaulin and two individuals, traveling approximately thirty-two nautical miles off the coast of Aguadilla, Puerto Rico (PR), heading inland towards Aguadilla, PR. The target vessel was moving at approximately three knots. The target vessel was on a direct bearing towards Aguadilla, Puerto Rico.

5.      At approximately 2:09 pm, the CBP AMO aircraft detected that the target vessel sped up to approximately seventeen knots, continuing on its direct bearing towards Aguadilla, Puerto Rico. When it sped up, the wind blew back the tarpaulin on the target vessel. The CBP AMO aircraft operator could then observe blue drones and packages where the blue tarpaulin had been.

6.      CBP AMO aircraft operator notified the Cabo Rojo CBP Marine Interdiction Unit and directed them to the target vessel.

7.      At approximately 3:45 pm, CBP Marine Interdiction agents intercepted the target vessel approximately sixteen (16) nautical miles off the coast of Aguadilla, PR. The target vessel was described as an approximately 28-to-30-foot *yola* type Eduardono boat, constructed of makeshift fiberglass and equipped with two (2) outboard Suzuki motors. Upon interdiction, agents found two individuals onboard. A CBP Marine Interdiction Agent raised the side of the blue tarp and observed one package, or bale, of suspected cocaine. During the interdiction,

agents seized five bales containing kilogram quantities of cocaine from the target vessel. The target vessel was transported to Cabo Rojo, PR. The interdiction resulted in the seizure of a total of 107 bricks containing approximately 124.7 kilograms of cocaine. The bricks field-tested positive for cocaine.

8.     CBP Marine Interdiction agents intervened with target vessel at sixteen nautical miles as target vessel was considered a "hovering vessel", that is, as described in 19 U.S.C. § 1401(k), any vessel which is found or kept off the coast of the United States within or without the customs waters, if, from the history, conduct, character, or location of the vessel, it is, reasonable to believe that such vessel is being used or may be used to introduce or promote or facilitate the introduction or attempted introduction of merchandise into the United States in violation of the laws of the United States.  At all times while observing the target vessel, it maintained a bearing towards Puerto Rico.

*Space left blank intentionally*

## CONCLUSION

9.      Based on the aforementioned facts, I believe that there is probable cause to believe that Camilo Polo-Padilla and Franklin Reyes-Vilorio knowingly committed the following offenses against the United States, conspiracy to possess with intent to distribute and to distribute controlled substances in violation of 21 U.S.C. § 846; possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1); conspiracy to import a controlled substance, in violation of 21 U.S.C. § 963 and 952; and, importation of a controlled substance, in violation of 21 U.S.C. § 952. I hereby declare, under the penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

_____
Ramon Soto Rodriguez
Task Force Officer
Federal Bureau of Investigation

Sworn by telephone pursuant to Fed. R. Crim. P. 4.1 on this ___18th___ day of April, 2026 at __12:55 pm__ .

_____
Marshal D. Morgan
United States Magistrate Judge